UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SARAH SIMON-ARNOLD, et al.,             )
                                        )
        Plaintiffs,                     )
                                        )
        v.                              )        Civil Action No. 12-0955 (PLF)
                                        )
EPIQ CLASS ACTION &                     )
CLAIMS SOLUTIONS, INC.,                 )
                                        )
        Defendant.                      )
_____)

MEMORANDUM OPINION AND ORDER

On August 17, 2012, the defendant filed a motion to dismiss and/or for summary

judgment. See Docket No. 14. The plaintiffs' response was due on September 4, 2012. FED. R.

CIV. P. 6(a)(1), (d); LCvR 7(b). The plaintiffs, who are proceeding *pro se*, have not yet filed any

response. On September 14, 2012, the defendant filed a reply in support of its motion, requesting

that the Court treat its motion to dismiss and/or for summary judgment as conceded by the

plaintiffs and dismiss their complaint with prejudice. See Docket No. 19.

Under Local Civil Rule 7(b), if a party fails to file a response to a motion within

the prescribed time, "the Court may treat the motion as conceded." LCvR 7(b). In Fox v.

Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must

take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive

motion. "That notice . . . should include an explanation that the failure to respond . . . may result

in the district court granting the motion and dismissing the case." Id. at 509. The Court therefore

will not treat the defendant's motion as conceded at this time, but it hereby advises the plaintiffs

of their obligations under the Federal Rules of Civil Procedure and the Local Civil Rules.  If the plaintiffs fail to submit a memorandum responding to the defendants' motion, the Court may treat the motion as conceded, grant the motion, and dismiss their case.

The Court of Appeals has further stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (quotation omitted).  The plaintiffs' attention is directed to Rule 56 of the Federal Rules of Civil Procedure, which states in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(a).  This Court will accept as true any factual assertions contained in affidavits, declarations, or attachments submitted by the defendant in support of its motion for summary judgment unless the plaintiffs submit affidavits, declarations, or documentary evidence showing that the defendant's assertions are untrue.  See Neal v. Kelly, 963 F.2d at 456.

Finally, the Court notes that on September 27, 2012, the plaintiffs filed a notice of appeal, purporting to appeal "from the judgment of this Court entered on the 17th day of August, 2012, in favor of EPIQ Class Action & Claims Solutions, Inc."  Docket No. 20 at 1.  No Judgment or Order was issued on August 17, which was instead the day that the defendant filed its motion to dismiss and/or for summary judgment.  The Court has not granted the defendant's motion or entered judgment for the defendant, and so there is nothing from which to appeal.  The

2

plaintiffs are advised that if they wish to ensure that this Court retains jurisdiction over their case, they should consider withdrawing their notice of appeal.

Accordingly, it is hereby

ORDERED that the plaintiffs shall respond to defendant's motion to dismiss and/or for summary judgment on or before October 23, 2012.  If the plaintiffs neither respond nor move for an extension of time by that date, the Court may treat the motion as conceded and dismiss the plaintiffs' complaint.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN

DATE:  October 2, 2012                    United States District Judge

3