UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH SIMON-ARNOLD et al., )
)
Plaintiffs, )
)
v. ) Civil Action No. 12-0955 (PLF)
)
EPIQ CLASS ACTION & )
CLAIMS SOLUTIONS, INC., )
)
Defendant. )

FILED
DEC 10 2012
Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment filed by the defendant. For the reasons stated below, the Court will grant summary judgment to the defendant and will dismiss this case with prejudice.[1]

Over one hundred plaintiffs are proceeding *pro se* against the defendant in this action. The plaintiffs' grievance arises out of the defendant's role as the Court-appointed Claims Administrator in In re Black Farmers Discrimination Litigation, Misc. No. 08-0511 (D.D.C.) (PLF). The plaintiffs describe themselves as individuals who wish to file claims of discrimination pursuant to the claims process established by the settlement agreement in that case, but who were unable to do so because they were denied claim packages by the defendant. See Complaint ¶¶ 7-16. Under the settlement agreement, the defendant is tasked with

---

[1] The papers considered in connection with this matter include the following: plaintiffs' complaint [Dkt. No. 1] ("Complaint"); defendant's motion to dismiss and/or for summary judgment [Dkt. No. 14] ("Mot.") and its accompanying memorandum [Dkt. No. 14-1] ("Mem."), declaration [Dkt. No. 14-3] ("Hamann Decl."), and exhibits; plaintiffs' opposition [Dkt. No. 24] ("Opp."); and defendant's reply [Dkt. No. 27] ("Reply").

determining whether individual claimants meet the criteria for class membership set forth in the enabling legislation underlying the case, see In re Black Farmers Discrimination Litigation, 856 F. Supp. 2d 1, 23-24 (D.D.C. 2011), and the defendant has provided claim packages only to those individuals for whom documentation indicates that they are members of the class. See Mem. ¶¶ 43-44. Claimants for whom the defendant possesses no documentary evidence demonstrating their class membership were notified of this fact and were afforded an opportunity to furnish such evidence. Id. The plaintiffs contend that the defendant "discriminated" against them by denying them claim packages, thereby preventing them from participating in the claims process by filing a claim before the deadline of May 11, 2012. Complaint ¶¶ 7-16. Although the plaintiffs maintain that this conduct violates the Court's order approving the settlement agreement, id., they do not cite any cause of action as a basis for their claims.

The defendant filed a timely motion to dismiss and/or for summary judgment. Along with its memorandum of law, the defendant provided a detailed declaration and hundreds of pages of exhibits that collectively address the circumstances of each individual plaintiff. See Mot.; Mem.; Hamann Decl. The plaintiffs failed to respond to the defendant's motion. The Court then issued an order directing the plaintiffs to respond, specifically advising them that if they did not do so, "the Court may treat the motion as conceded, grant the motion, and dismiss their case." Memorandum Opinion and Order at 2 (Oct. 2, 2012). The Court further advised the plaintiffs that the Court would "accept as true any factual assertions contained in affidavits, declarations, or attachments submitted by the defendant in support of its motion for summary judgment unless the plaintiffs submit affidavits, declarations, or documentary evidence showing that the defendant's assertions are untrue." Id. (quoting Neal v. Kelly, 963 F.2d 453, 456 (D.C.

Cir. 1992)). The Court additionally directed the plaintiffs' attention to the portion of Rule 56 of the Federal Rules of Civil Procedure that states: "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)).

The plaintiffs subsequently filed a response to the defendant's motion that consists of a single sentence: "In response to the motion that was filed by the defendant on September 14, 2012, we the plaintiffs were (1) denied due process and (2) were denied packets being mailed to them thereby denying the plaintiffs the opportunity to file a claim by May 11, 2012 in the Black Farmers Settlement." Opp. at 1.

In recognition of their *pro se* status, the plaintiffs have been treated leniently by the Court. See Memorandum Opinion and Order (Oct. 2, 2012); Memorandum Opinion and Order (Aug. 8, 2012). But despite being given ample opportunity to do so, they have not responded meaningfully to the defendant's motion, nor have they offered a single factual or legal argument in support of their claims. Even assuming the existence of a cause of action under which the plaintiffs might theoretically be entitled to relief, they have not provided any evidence or even any factual assertions to rebut the defendant's evidence indicating that it has carried out its responsibilities as Claims Administrator properly with respect to each plaintiff and consistent with the settlement agreement. See Mem. at 13-15, 26-30; Hamann Decl. ¶¶ 20-141; id., Exhs. 6-116. To defeat a motion for summary judgment, the non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Because the plaintiffs have failed to accomplish this task, or even attempt to do so, the defendant is entitled to summary judgment.

Accordingly, for the foregoing reasons, the Court will grant the defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued this same day.

SO ORDERED.

DATE: 12/10/12

PAUL L. FRIEDMAN
United States District Judge